CAMPEAU GOODSELL SMITH, L.C.
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California  95112
Telephone:  (408) 295-9555
Facsimile:  (408) 295-6606

ATTORNEYS FOR

The Saunders Company

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | |
|---|---|
| In re:<br><br>Louis Charles Rocha,<br><br>                Debtor. | Case No. 14-51043<br><br>CHAPTER 13<br>R.S. No.: CGS-01<br><br>MOTION FOR RELIEF<br>FROM AUTOMATIC STAY<br><br>Date:  April 2, 2014<br>Time:  3:00 p.m.<br>Location:<br>    United States Bankruptcy Court<br>    Rm. 3070<br>    280 South 1st St.<br>    San Jose, CA 95113<br>Judge: Honorable Charles Novack |

    The Saunders Company ("TSC" or "Moving Party"), secured creditor, moves this court for relief from stay pursuant to 11 U.S.C. 105, 362 (d)(1), (2)(A) and (B), 362 (d)(4)(B), and 362 (f) of the United States Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Bankruptcy Local Rule 4001-1 of the United States Bankruptcy Court for the Northern District of California with respect to real properly commonly known as 304 & 306 S. First Street, King City, CA (A.P.N. 026-241-008)("Real Property" or "Subject Property")

so TSC may proceed to exercise is rights and remedies under its note, deed of trust, and state law and recovery possession, including but not limited to foreclosure or trustee's sale and unlawful detainer ("Motion") as follows:

**I. Introduction.**

  **A. Debtor's Relationship to The Saunders Company.**

  On November 20, 2007 TSC, as lender, and Debtor Louis C. Rocha ("Debtor")[1] and Gwen S. Rocha, husband and wife as joint tenants, as borrowers, entered into a Note Secured By Deed of Trust Straight Note whereby TSC lent the borrowers $525,000 at ten and one half percent (10.5%) with payments of $4,593.75 due on the 1st of the month beginning on January 1, 2008 and continuing through December 1, 2010 at which time the unpaid balance, including principal and interest, becomes due and payable ("Promissory Note"). On December 1, 2009 and on December 1, 2010 Modification of Note Agreements were entered into whereby, among other things, the interest rate was reduced to seven percent (7%) and the maturity date was extended to December 1, 2012. The Promissory Note bears interest at fifteen percent (15%) after maturity. (Exhibit A[2])

  The Promissory Note was secured by a Deed of Trust And Assignment of Rents recorded with the Monterey County Recorder on November 29, 2007 Document#2007089381) ("Deed of Trust") relative to 109 Pearl Street, King City, CA (A.P.N. 026-241-002), 304 + 306 S. First Street, King City, CA (A.P.N. 026-241-008) ("Subject Property"), 107 Pearl Street, King City, CA (A.P.N. 026-241-009), and 324 S. First Street, King City, CA (A.P.N. 026-242-001)(Exhibit B).

  The Deed of Trust required, among other things, for the borrowers to maintain the properties, maintain insurance, and pay real property taxes. Debtor did not and does not reside at the Subject Property. Prior to Debtor's current bankruptcy TSC had foreclosed on all collateral except the Subject Property.

//

---

[1] Also known as Louis C. Rocha and Louie C. Rocha.

[2] All exhibits are attached to the supporting declaration.

**B. Debtor's Prior Bankruptcies[3].**

On September 23, 2011 Debtor's first Chapter 13 Bankruptcy, In re Louis Rocha, U.S.B.C. (ND CA) #11-58862 was filed ("First Bankruptcy"). The First Bankruptcy did not include any reference to TSC, including on the Creditor Matrix. The First Bankruptcy was dismissed on October 19, 2011 for Debtor's failure to file schedules and failure to comply with the court's order to file schedules. TSC was not aware of the First Bankruptcy until it received belated notice of the Second Bankruptcy (defined below).

On July 10, 2012 Debtor's second Chapter 13 Bankruptcy, In re Louie Charles Rocha, U.S.B.C. (ND CA) #12-55134, was filed ("Second Bankruptcy"). Debtor's Second Bankruptcy, like the First Bankruptcy, was filed without any reference to TSC and without notice to TSC. On August 6, 2012 Debtor filed an amendment to his Creditor Matrix adding TSC as a creditor, on August 17, 2012 TSC received notice of Debtor's Second Bankruptcy via certified mail, and on August 23, 2012 Debtor filed his schedules, Creditor Matrix, and Chapter 13 Plan—none of which made any references to TSC or the related Promissory Note, Deed of Trust, real properties, Trustee's Deeds on all but the Subject Property, and/or pending unlawful detainer action.

**C. Current Status of Promissory Note, Deed of Trust, and Subject Property.**

    **1) Matured Promissory Note.**

The Promissory Note matured on December 1, 2012. Debtor has not paid on the Promissory Note since January 2012. As of April 1, 2014 the outstanding balance on the Promissory Note will be $128,308.79 (Exhibit C). The Subject Property has little, if any, equity.

    **2) Scheduled Trustee Sale.**

The trustee's sale on the Deed of Trust and the Subject Property was scheduled for March 12, 2014.

---

[3] The court may take judicial notice of the Debtor's prior bankruptcy filings (Fed.Rul.Evid. 201) and such is summarized in the Court's Docket Entry dated 03/1/14 as Debtor previously filed a Chapter 13 on 09/23/11 which was dismissed on 10/19/11 for failure to file information (USBC (CA ND) #11-58862) and Chapter 13 on 07/10/12 which was dismissed on 08/30/12 (USBC (CA ND) #12-55134) for failure to file information.

**3) Outstanding and Unpaid Real Property Taxes.**

Debtor has not paid the required real property taxes on the Subject Property for 2011/2012, 2012/2103, and 2013/2014 as required by law and the Deed of Trust. According to the Monterey County Tax Assessor the total outstanding balance through March 31, 2014 is $4,151.75 (Exhibit D).

**4) Lack of Required Insurance.**

Debtor does not maintain the insurance on the Subject Property as required by the Deed of Trust.

**5) Maintenance and Condition of Real Property.**

Debtor does not maintain the Subject Property as required by the Deed of Trust.

**(a) King City Violations.**

The Subject Property is subject to outstanding violations from King City. Debtor was sent a First Notice of Violation on October 6, 2010, a Second Notice of Violation on November 22, 2010, a Final Notice of Violation on September 19, 2011, and a Request to Appear on January 21, 2014 wherein the City Manager placed the matter on the January 28, 2014 agenda and requested the property owner appear before the City Council on January 28, 2014 in an effort to clear these violations. TSC believes these violations have not been cleared. (Exhibit E).

**(b) Unrepaired Collision Damage.**

The building on the Subject Property sustained approximately $20,000 in damages as a result of a motor vehicle crashing into the building in September 2013. This damage included damage to the main structural member, a door, large window and the brick facade. This damage has not been repaired. TSC understands that Debtor has not submitted pictures or an estimate of damages to the insurer for the motorist/vehicle owner. The related Traffic Collision Report #13-1053 and photos of the property damages are attached as Exhibit F

**© Additional Property Damage and Lack of Maintenance.**

There is also significant damage done to the back wall as a result of a forklift

that has not been repaired and there are numerous other broken windows and interior damage to the building.

**D. The Deed of Trust Provides That The Insurance Proceeds For The Collision Damage Belong to TSC.**

The Deed of Trust (Exhibit B) provides, in pertinent part, that ". . . The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby & in such order as Beneficiary may determine, or at the option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor . . ."

TSC demands, pursuant to the Deed of Trust, that the rights and proceeds of the claim for property damage caused by the collision (subsection (b) above) be turned over to TSC.

**II. The Saunders Company Is Entitled to Immediate Relief from The Automatic Stay As to The Debtor, The Debtor's Estate or Debtor's Property, and the Co-Debtor.**

**A. The Court Has Ample Authority to Grant Relief From the Automatic Stay.**

The court's authority to grant relief from stay may be found in, inter alia, 11 U.S.C. 362 and 11 U.S.C. 105.

11 U.S.C. 362 (d) provides, in pertinent part, that:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization"

In addition, 11 U.S.C. 362 (d) (4) provides, in pertinent part, that:

> "with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

(B) multiple bankruptcy filings affecting such real property"

Further, 11 U.S.C. 362 (f) provides, in pertinent part, that:

> "Upon request of a party in interest, the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section."

**B. TSC Is Entitled to Relief From Stay.**

TSC is entitled to relief from stay pursuant to 11 U.S.C. 362 (d)(1), (2)(A) and (B), 362 (d)(4)(B), and 362 (f). The Promissory Note fully matured in December 2012, Debtor long ago stopped paying the Promissory Note, the Debtor long ago stopped (if he ever started) paying real property taxes, the Subject Property is not insured as required by the Deed of Trust, Debtor does not maintain the Subject Property, TSC lacks adequate protection, the Debtor does not have equity in the Subject Property, and the Subject Property is not necessary to an effective reorganization.

In addition, Debtor has filed multiple failed bankruptcies (3 in less than 3 years) and each was filed specifically to prevent foreclosures, including affecting TSC's rights relative to the Subject Property. In fact, Debtor's Second Bankruptcy caused TSC substantial harm---TSC's only discovered the Second Bankruptcy during its pending unlawful detainer action and after Debtor had stopped paying TSC, stopped paying real property taxes, failed to insure the real property, collected but failed to turn over rents, failed to maintain the real property, failed to include TSC in either the First Bankruptcy or Second Bankruptcy, failed to file any schedules in the First Bankruptcy, and then belatedly filed schedules and a plan in the Second Bankruptcy that omitted any reference to TSC.

Further, immediate relief from stay is necessary to prevent irreparable damages to the Subject Property resulting from Debtor's failure to maintain the property and failure to insure the property.

**C. TSC Is Entitled to a Waiver of Rule 4001.**

For the reasons discussed hereinabove, TSC is entitled to a waiver of Federal Rules of Bankruptcy Procedure, Rule 4001 (a)(3).

## III. Conclusion.

WHEREFORE, Moving Party respectfully requests that the court issue an order granting relief from stay as to Debtor, Debtor's estate or property of the estate, the Subject Property, and the co-debtor, waiving the provisions of Federal Rules of Bankruptcy Procedure, Rule 4001 (a)(3), and ordering such other and further relief as is just.

Dated: March 17, 2014            CAMPEAU GOODSELL SMITH
                                 /s/ William J. Healy
                                 William J. Healy