

**The following constitutes
the order of the court. Signed April 28, 2014**

*[Signature]*
**Charles Novack
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:

LOUIS CHARLES ROCHA,

    Debtor.

Case No. 14-51043 CN
Chapter 13

**MEMORANDUM RE: MOTION FOR RELIEF FROM STAY**

    On April 9, 2014, this court conducted a preliminary hearing on a motion for relief from stay filed by The Saunders Company against commercial real property located at 304 & 306 South First Street, King City, California (the "Property"). Debtor's counsel orally opposed the relief from stay motion at the hearing and questioned whether The Saunders Company has standing to seek relief from stay. This court took the motion under the submission, and for the reasons stated below, grants the relief from stay motion.

    Debtor's counsel does not dispute the facts underlying the relief from stay motion. In November 2007, Chapter 13 debtor Louis Rocha and his non-filing spouse borrowed $525,000 from The Saunders Company and secured it with, among other things, a deed of trust against the Property. The promissory note required monthly payments of $4,593.75 with a balloon payment due on December 1, 2010. The parties later modified the note to reduce the interest rate and extend the maturity date to December 1, 2012. The deed of trust required the Rochas to maintain the property, maintain insurance, and pay real estate taxes.

    The Rochas have not made a note payment since January 2012, including the balloon

payment due on December 1, 2012,[1] do not have insurance on the Property, have not paid Monterey County real estate taxes on the Property for approximately two years, have not cured outstanding King City violations against the Property, and have not repaired damage caused when a motorcycle crashed into it in September 2013.  The motion for relief from stay also indicates that there is little, if any equity in the Property.

This court finds that the lack of insurance and failure to make post-petition payments required by the Chapter 13 plan constitute "cause" under Bankruptcy Code § 362(d)(1) to grant this relief from stay motion. Does, however, The Saunders Company have standing to seek this relief?

As stated above, The Saunders Company originated this loan and is beneficiary under the deed of trust.  The original promissory note required the Rochas to make their note payments to The Saunders Company. In December 2010, when the parties modified the note for the second and final time, the "Modification of Note Agreement" indicated that The Saunders Company had fractionally assigned the note to several parties, and had not retained any interest in the note. The Modification still indicates, however, that the Rochas were required to make their note payments to The Saunders Company.  Moreover, the only evidence before this court indicates that The Saunders Company is the sole beneficiary under the Deed of Trust.  Given moving counsel's statement that The Saunders Company was servicing the note for the fractionalized note holders, this is not surprising.

Under Bankruptcy Code § 362(d), a bankruptcy court may grant relief from the automatic stay "[o]n request of a party in interest."  While the Bankruptcy Code does not define the term "party in interest," such status "must be determined on a case-by-case basis, with reference to the interest asserted and how [that] interest is affected by the automatic stay." [citation omitted.] *In re Kronemyer*, 405 B.R. 915, 919 (Bankr. 9th Cir. 2009).  Generally, a creditor may obtain relief from stay if its interest would be harmed by a continuance of the stay, *Kronemyer*, 405 B.R. at 921.

Under this test, The Saunders Company has standing to seek relief from the automatic stay. First, The Saunders Company appears to be the only beneficiary under the deed of trust.  Second,

---

[1] This court takes judicial notice of the Chapter 13 plan filed by Louis Rocha in this case. His plan requires that he make direct, monthly payments of $1500 to The Saunders Company.  The evidence indicates that he has not made these Chapter 13 plan payments.

The Saunders Company has standing since it services the note. See *In re Veal*, 450 B.R. 897, 914 (Bankr. 9th Cir. 2011).

Accordingly, The Saunders Company's motion for relief from stay is granted in full, and it shall submit an appropriate order.

**\* \* \* END OF ORDER \* \* \***

Case No. 1451043 CN

**COURT SERVICE LIST**

Electronically mailed to ECF registered participants

Louis Charles Rocha
P.O. Box 485
King City, CA 93930

4

**MEMORANDUM RE: MOTION FOR RELIEF FROM STAY**
Case: 14-51043    Doc# 28    Filed: 04/28/14    Entered: 04/28/14 14:45:48    Page 4 of 4